**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| PACIFIC PREMIER BANK, § | |
|     *Plaintiff*, § | |
| § | |
| vs. § | CIVIL ACTION _____ |
| § | |
| TEJRAJ, LLC, TEJASH PATEL, and § | |
| RAJU DESAI, § | |
|     *Defendants*. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Pacific Premier Bank ("Plaintiff" or "PPB") files this Original Complaint against Tejraj, LLC ("Tejraj"), Tejash Patel ("Patel"), and Raju Desai ("Desai") (collectively, "Defendants"), and respectfully shows the Court as follows:

## I. PARTIES

1. Plaintiff Pacific Premier Bank is a California banking corporation formed under the laws of California with its principal place of business in Irvine, California. PPB is authorized to do business in the State of Texas.

2. Defendant Tejraj, LLC is a Texas limited liability company formed under the laws of the State of Texas and maintains its principal place of business in Frisco, Texas. Tejraj may be served through its registered agent, Tejash Patel, at 204 Vargon Castle Lane, Lewisville, Texas 75056, or wherever he may be found.

3. Defendant Tejash Patel is an individual residing in Lewisville, Texas. Patel may be served at 204 Vagon Castle Lane, Lewisville, Texas 75056, or wherever he may be found.

4.     Defendant Raju Desai is an individual residing in Plano, Texas. Desai may be served at 2716 Oakland Hills Drive, Plano, Texas 75025, or wherever he may be found.

## II.  JURISDICTION AND VENUE

5.     This Court has jurisdiction over this lawsuit pursuant to 28 USC § 1332 because Plaintiff and Defendants are citizens of different states and Plaintiff's claims against each of the Defendants exceeds $75,000.00, exclusive of interest and costs.

6.     This Court has venue of this case pursuant to 28 USC §1391(b) because this is the judicial district in which Defendants reside, and both Defendants are residents of Texas, the state in which the district is located.

## III.  FACTUAL BACKGROUND

**A.     Execution of the Loan Documents.**

7.     On May 5, 2015, PPB, as lender, and Tejraj, as borrower, executed a business loan agreement (the "Loan Agreement") under which Tejraj borrowed $226,700.00 from PPB. The Loan Agreement provides that, among other things, Tejraj's failure to make any payment when due under the Loan is an event of default.

8.     On May 5, 2015, Tejraj executed and delivered to PPB a U.S. Small Business Administration Note in the principal amount of $226,700.00 (the "Note"). Under the terms of the Note, Tejraj was obligated to pay principal and interest payments of $2,517.61 (the "Note Payment") on the first day of every month, beginning July 1, 2015, and continuing through June 1, 2025, at which time, the remaining amount of principal and accrued unpaid interest was payable in full. The Note provides that, among other things, Tejraj's failure to make any payment when due under the Note is an event of default.

9.  On May 5, 2015, as collateral for the indebtedness under the Loan Agreement and Note, Tejraj executed a Commercial Security Agreement (the "Security Agreement"), which granted PPB a security interest in:

> All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all fixtures; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create. maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

(the "Collateral").  Some or all of the Collateral was located at 5995 Preston Road, Suite 100, Frisco, Texas 75034.  A UCC Financing Statement was filed for the Collateral on April 20, 2015, with an amendment filed thereafter on May 12, 2015.  The Loan Agreement, Note, and Security Agreement shall be referred to herein as the "Loan Documents."

10.  On May 5, 2015, and in connection with the Loan Agreement and Note, Patel and Desai each entered into separate unconditional guaranty agreements (the "Guaranty" or "Guaranties").  The Guaranties represent unconditional guaranties of Terjaj's payment obligations under the Note to PPB.  The respective Guaranties do not require PPB to seek payment from Terjaj prior to demanding payment from Patel and Desai.

B.  **Default under the Loan Documents and Breach of the Guaranty.**

11. On September 1, 2016, Tejraj failed to pay the Note Payment to PPB. To date, Tejraj has not made any further Note Payments. Pursuant to the terms of the Loan Documents, Tejraj is in default. On September 29, 2016, PPB demanded immediate payment from Tejraj, Patel, and Desai. Despite demand, the Note remains unpaid.

12. PPB's remedies against Tejraj in the event of default include, among other things: (i) accelerated indebtedness; (ii) foreclosure of the Collateral; (iii) UCC provided remedies; (iv) collection of rents; (v) appointment of a receiver; and (vi) sale of the Collateral.

13. As of February 21, 2017, the principal and interest amount due on the Note was $218,706.43. This figure does not include any costs or attorneys' fees which are owed to PPB by Terjaj.

14. Pursuant to the Guaranties, PPB is entitled to collect from Patel and Desai all amounts owed by Terjaj as well as all costs of collection, including attorneys' fees.

## IV.  CAUSES OF ACTION

**Count 1:** **Breach of Contract**

15. PPB incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

16. The Note Documents collectively constitute a valid and enforceable contract between PPB and Terjaj.

17. PPB loaned money to Terjaj pursuant to the terms of the Loan Documents.

18. Terjaj defaulted under the terms of the Loan Documents when it failed to pay PPB the amounts due and owing under the Note.

19. Despite demand, Terjaj has failed and refused, and continues to refuse, to pay PPB the amount of indebtedness due and owing under the Note, including but not limited to principal, interest and late fees.[1]

20. PPB has performed all conditions precedent to enforcement of the Loan Documents or they have been waived.

21. Due to Terjaj's failure to pay, PPB has been damaged in an amount in excess of the jurisdictional minimum of this Court.

**Count 2:** **Breach of Guaranty**

22. PPB incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

23. The Guaranties constitute valid and enforceable contracts between PPB and Patel, and PPB and Desai, respectively.

24. Patel and Desai failed and refused, and continue to refuse, to pay PPB the amounts due and owing under the Loan Documents as provided in the Guaranties. Patel's and Desai's failures to pay the amounts due and owing constitute a material breach of contract.

25. PPB has performed all conditions precedent to enforcement of the Guaranties or they have been waived.

26. As a result of the breaches by Patel and Desai, PPB has been damaged in an amount within the jurisdictional limits of this Court.

**Count 3:** **Attorneys' Fees, Interest, and Costs.**

---

[1] PPB is entitled to recover the default rate of interest pursuant to the terms of the Loan Documents, but in no event more than the amount allowed by law.

**PLAINTIFF'S ORIGINAL COMPLAINT** **Page 5 of 7**

27. PPB incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

28. Pursuant to the terms of the Loan Documents, the Guaranty, and TEX. CIV. PRAC. & REM. CODE § 38.001(8), PPB is entitled to recover its reasonable attorneys' fees incurred in prosecuting these claims against Defendants. PPB is also entitled to recover interest, and costs of suit.

29. PPB has performed all conditions precedent for the recovery of attorneys' fees from Defendants.

30. PPB expressly does not waive any of its rights and remedies, including, without limitation, its rights and remedies relating to any collateral that secures the indebtedness owed to PPB.

## V. RESERVATION OF RIGHTS

31. PPB reserves all rights and remedies against the Defendants. The filing of this action is not intended to be a waiver of any rights or remedies or an election of remedies.

## VI. PRAYER

WHEREFORE, Plaintiff Pacific Premier Bank prays that Plaintiff have judgment against Defendants for all amounts due and owing under the Loan Documents and the Guaranties plus pre- and post-judgment interest as allowed by law, reasonable and necessary attorneys' fees incurred by Plaintiff in pursuing its claim against Defendants, as well as costs of court. Plaintiff also seeks such other and further relief, both general and special, to which Plaintiff may be justly entitled.

SIGNED and FILED this 23rd day of March, 2017.

Respectfully submitted,

JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone:  (214) 953-6000


By: */s/ Robert P. Latham*
 Robert P. Latham
 State Bar No. 11975500
 Email:  blatham@jw.com
 Justin V. Lee
 State Bar No. 24097982
 Email: jlee@jw.com

 **ATTORNEYS FOR PLAINTIFF
 PACIFIC PREMIER BANK**